On Rehearing.
PONDER, Justice.
We granted a rehearing in this case solely for the purpose of reconsidering our holding with reference to Bill of Exception No. 4. The rehearing was expressly restricted to the question of whether the trial judge abused his discretion in curtailing the cross-examination of the accomplice Gallagher. As to the issues presented by the other bills, that decision became final and correctly announced the law applicable thereto.
The trial judge refused to permit counsel for the defendant to‘ cross-examine the accomplice in detail with reference to threats, promises and inducements made to him by law enforcement officers prior to- the time that the accomplice entered a plea of guilty. The trial court briefly questioned the accomplice as to whether any improper influence or inducements had been offered and whether or not the officers had asked him to falsify his testimony or to frame the accused. Upon the accomplice answering these questions in the negative, the trial court would not permit counsel for the defendant to further interrogate the accomplice in regards thereto.
Great latitude must be allowed the defendant in the cross-examination of an accomplice. Numerous authorities to that effect are cited in the dissenting opinion of the Chief Justice and Justice McCaleb on the original hearing. We are cognizant of the fact that the trial judge *364 is vested with sound discretion in restricting cross-examination within legitimate bounds. However, great latitude must be allowed in the cross-examination of an accomplice and the refusal of the trial judge to permit counsel for the defendant to interrogate the accomplice, under the facts here presented, is a clear abuse of the discretion vested in him.
For the reasons assigned, the conviction and sentence are set aside and the defendant is to be tried anew.
HAMITER, J., concurs and assigns written reasons.
HAWTHORNE, J., dissents, adhering to the views expressed in the original opinion.